NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2102
_____

GUY C. PATTERSON,
                                        Appellant
v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00193)
District Court Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)

January 29, 2021
_____

Before: MATEY and JORDAN, *Circuit Judges*, BOLTON[*], *Senior District Judge*.

(Filed: February 5, 2021)
_____

OPINION[**]
_____

_____

[*] The Honorable Susan Bolton, Senior United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BOLTON, *Senior District Judge*.

We consider the claims of Guy C. Patterson, a 55-year-old white male, against the Social Security Administration ("Agency") alleging that, by failing to select him for three job openings, the Agency: (1) discriminated against him on the basis of his sex, race, and age, in violation of Title VII of the Civil Rights Act of 1964 and the federal-sector provision of the Age Discrimination in Employment Act ("ADEA"); and (2) took retaliatory action against him in violation of Title VII and the ADEA. Patterson filed his lawsuit in the District Court for the Western District of Pennsylvania. The District Court granted the Agency's motion for summary judgment and denied Patterson's cross-motion for summary judgment on all claims. It also denied Patterson's subsequent motion to alter or amend this judgment. Patterson timely appealed. We have jurisdiction pursuant to 29 U.S.C. § 1291.

## I.    DISCUSSION

Patterson's claims fail as a matter of law. "We exercise plenary review over a district court's [order entered on motions for] summary judgment, and we apply the same standard as the district court." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020) (citation omitted). "Summary judgment is appropriate where, construing all evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. (citations and internal quotation marks omitted). Applying those standards, we conclude that the record supports the District Court's judgment that the evidence is insufficient as a matter of law to prove any of Patterson's claims. Patterson argues that a recent Supreme Court case,

*Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020), changes this result, but fails to offer evidence that meets even *Babb*'s lower causation standard. *Babb*, 140 S. Ct. at 1177-78 (but-for causation not required to establish liability for violation of ADEA's federal-sector provision).[1]

Patterson cannot establish a prima facie case of discrimination in violation of Title VII or the ADEA because he has insufficient evidence of discriminatory intent. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (burden-shifting framework requires plaintiff to establish prima facie case); *Sarullo v. U.S. Postal Serv*., 352 F.3d 789, 797 (3d Cir. 2003) (explaining that a prima facie case of employment discrimination "requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position"). Even if he could make such a showing, the Agency has articulated legitimate, nondiscriminatory reasons for not selecting Patterson for each position, including lower interview scores. *See McDonnell Douglas Corp.*, 411 U.S. at 802 (burden-shifting framework requires employer to articulate legitimate, nondiscriminatory reason for adverse employment action). Patterson's evidence is

---

[1] Patterson also raises the following issues: The District Court erred in failing to consider the applicability of *Ricci v. DeStefano*, 557 U.S. 557 (2009) to his claims, and the Agency failed to comply with an Office of Personnel Management regulation, which Patterson argues is material to his employment discrimination claims. We find none of these arguments have merit.

insufficient to show that any of these reasons were pretextual. *See id.* at 804 (burden-shifting framework permits plaintiff opportunity to show pretext).

Patterson also fails to produce evidence sufficient to establish a causal connection between his non-selection and retaliatory animus. *See Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006) ("To establish a *prima facie* case of retaliation . . . a plaintiff must tender evidence that: (1) [he] engaged in protected activity . . . ; (2) "the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action." (citation and internal quotation marks omitted)).

The District Court correctly granted summary judgment on all claims.

## II.  CONCLUSION

Because Patterson's evidence cannot prove his claims, we will affirm.